IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **DEREK-LEE PHILLIPS & CODY-STORM VOSS,** § § § § **Plaintiffs,** § § **v.** § § **COUNTY OF SMITH, JONATHAN PETERS, RILEY RUGG, & AARON BLAIR,** § § § § **Defendants.** | **CIVIL ACTION NO. 6:24-CV-00095-JCB-JDL** |

**SUPPLEMENTAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

On April 15, 2024, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion to stay pursuant to *Heck v. Humphrey*. (Doc. No. 31.) Plaintiffs did not respond within the period prescribed by the local rules. *See* L.R. CV-7(e). On May 1, 2024, the undersigned issued a report (Doc. No. 33) recommending that Defendant's motion to dismiss be granted-in-part and denied-in-part and that this case be administratively closed pending the resolution of Plaintiff Cody Voss's state criminal case.

On May 1, 2024, the court received several filings from Plaintiffs. The court received a late response to the motion to dismiss from Plaintiff Derek Phillips. (Doc. No. 34.) However, as discussed below, even assuming Phillips's response was timely, the court nonetheless **RECOMMENDS** that Defendants' motion to dismiss (Doc. No. 31) be **GRANTED-IN-PART AND DENIED-IN-PART** and that this case be **ADMINISTRATIVELY CLOSED** pending resolution of Plaintiff Cody Voss's state criminal case.

1

Additionally, Plaintiffs Phillips and Voss filed dual motions for leave to amend their complaint. (Doc. Nos. 35, 36.) As discussed below, Plaintiffs' motions for leave to amend do not identify any circumstances suggesting that either Phillips's or Voss's claims are not subject to dismissal or a stay pursuant *Heck*. Accordingly, the court **RECOMMENDS** that Plaintiffs' motions for leave to amend (Doc. Nos. 35, 36) be **DENIED**.

## BACKGROUND

Plaintiffs filed this action against Defendants in the Southern District of Texas on May 24, 2023, pursuant to 42 U.S.C. § 1983 for alleged constitutional violations during an arrest. (Doc. No. 1.) On March 14, 2024, the case was transferred to this district. (Doc. No. 27.) On April 15, 2024, Defendants filed the instant motion to dismiss Plaintiffs' complaint. (Doc. No. 31.)

The claims arise from an incident that occurred on March 28, 2023. (Doc. No. 1, at 7.) Plaintiffs allege that Defendants Jonathan Peters and Riley Rugg, two deputies with the Smith County Sheriff's Department, assaulted and unlawfully arrested Plaintiffs on Plaintiff Derek Phillips's property. *Id.* at 8. The complaint does not specifically state how the altercation began; the description of events begins at the point when Defendant Peters began using force against Plaintiff Cody Voss. The complaint states that Peters grabbed Voss outside Derek Phillips's house to compel Voss to provide identification. *Id.* Phillips videorecorded the incident from inside his home and verbally protested to Peters's use of force. *Id.* Then, Defendant Riley Rugg arrived on the scene and after Peters and Rugg secured Voss in handcuffs, the complaint states that they came inside Phillips's home without consent and attacked and arrested Phillips. *Id.*

Smith County public records show that Phillips was arrested for and convicted of interference with public duties and resisting arrest. (Doc. No. 31-1, at 1, 3.) The public records

2

also show that Voss is currently charged with, but has not yet been convicted of, driving without a taillight and failure to identify himself to a peace officer. (Doc. No. 31-2, at 1, 3.)

Plaintiffs claim that Defendants' conduct violated the 1st, 4th, 5th, 8th, and 9th Amendments to the U.S. Constitution. (Doc. No. 1, at 5.) Plaintiffs seek relief in the form of compensatory damages in the amount of $150,500,000.00. *Id.* at 12.

## LEGAL STANDARD

When a defendant files a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The Supreme court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations[,] but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only "naked assertions" that are

"devoid of further factual enhancement." *Id.* courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id*.

A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims . . . across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id*.; *see also Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

## DISCUSSION

### I. Defendant's Motion to Dismiss

Defendants seek dismissal of Plaintiffs' complaint under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and alternatively for failure to state a claim. (Doc. No. 31.)[1] In *Heck*, the Supreme Court held that when a plaintiff seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid, he must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. 512 U.S. at 486. However, the Supreme Court has refused to extend *Heck* to pending criminal matters. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). Rather, when criminal charges are pending, a civil rights lawsuit should be stayed until the criminal charges pending against a plaintiff have run their course. *Id.*; *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007); *U.S. v. $2,067,437.08 in U.S. Currency*, No. 6:07cv319, 2008 WL 238514 (E.D. Tex. Jan. 28, 2008).

Here, Smith County public records show that Plaintiff Derek Phillips was convicted and sentenced on March 8, 2024, for interfering with public duties and resisting arrest. (Doc. No. 31-

---

[1] Because the court recommends that this matter be stayed, as discussed herein, the court will not consider the alternative bases for dismissal raised herein.

4

1.) Phillips's primary civil rights claims are that Defendants used excessive force to unlawfully arrest Phillips. The Fifth Circuit has regularly applied *Heck* to civil rights lawsuits that include claims for unlawful arrest. *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) (stating successful claim for false arrest would call into question whether officers had probable cause for the underlying charge); *see also Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007) ("In order to prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment.") (internal citation omitted). Further, Plaintiff's claim for excessive force would necessarily call into question the validity of his conviction for resisting arrest. *See Hudson*, 98 F.3d at 872 (stating § 1983 claim for excessive force would call into question the validity of plaintiff's arrest and conviction for battery of an officer). Moreover, Plaintiff has failed to demonstrate that his conviction has been invalidated or in any way called into question. Accordingly, Plaintiff Phillips's claims against Defendants with respect to his arrest and conviction for interfering with public duties and resisting arrest are barred until such time as Plaintiff can show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 486-87.

Last, in his late response to Defendants' motion to dismiss, Plaintiff Phillips cites to the Supreme Court's decision in *Wallace v. Kato*, 549 U.S. 384 (2007) for the proposition that a court should "stay[] civil actions that, if resolved in favor of the plaintiff, might imply the invalidity of any conviction or sentence," including those that "*might be in appeal*." (Doc. No. 34). However, *Wallace* makes no such assertion. The question in *Wallace* was whether the plaintiff's § 1983 accrued at the time of his arrest or *when his conviction was later set aside*. *Wallace,* 549 U.S. at

5

387. Moreover, the *Wallace* Court specifically reiterated that district courts only have discretion to stay a claim subject to *Heck* when the plaintiff has not yet been convicted in the underlying criminal action:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393–94 (internal citations omitted). Accordingly, Plaintiff Phillips's argument is without merit.

Turning to Plaintiff Cody Voss, Smith County public records show that Voss is currently charged with, but has not yet been convicted of, driving without a taillight and failure to identify himself to a peace officer. (Doc. No. 31-2, at 1, 3.). Like Phillips, Voss's primary civil rights claims are that Defendants used excessive force to unlawfully arrest Voss. Further, Voss's unlawful arrest claim for the events on March 28, 2024, would necessarily call into question the validity of a conviction on either charge against him. *See Parm*, 513 F.3d at 142. It is not the role of federal courts to intervene in state court criminal proceedings. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). Moreover, if Voss is eventually convicted on the criminal charges, then he may not proceed with his claims until *Heck* is satisfied. This case must, therefore, be stayed until the pending criminal charges against Voss are resolved. *See, e.g., Busick v. City of Madison, Miss.*, 90 F. App'x 713, 713–14 (5th Cir. 2004) (unpublished) ("Because the criminal proceedings against Busick were still pending when the district court dismissed his case and are still pending, it is impossible to determine whether Busick's claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that Busick has received or might still receive. Thus, the district court should have

6

stayed the proceedings in this civil action pending the resolution of the criminal charges against Busick."); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) ("The court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.").

Further, to the extent that Plaintiff Voss's claim for excessive force is not implicated by his pending criminal charges, the court nonetheless recommends staying all of Voss's claims given their relatedness. *Lewis*, 20 F.3d at 125 (affirming district court's stay of plaintiff's multiple § 1983 claims where one of the claims was subject to *Younger* abstention pending resolution of plaintiff's state criminal prosecution).

## II. Plaintiffs' Motions for Leave to Amend

As noted above, Plaintiffs Phillips and Voss each filed motions for leave to amend their complaint. In Plaintiff Phillips's motion, he asserts that there is new evidence which clearly contradicts Defendants' account of the incident on March 28, including critical video evidence and witness testimony. *See* Doc. No. 35, at 2. Phillips also contends that "ongoing criminal appeal proceedings have illuminated key legal standards applicable to Plaintiff's Fourth Amendment claims against unlawful entry and arrest." *Id.* In Plaintiff Voss's motion, he asserts that Defendant Jonathan Peters's testimony in Voss's criminal proceedings "reveals significant errors in the legal basis for Plaintiff's arrest," including a misunderstanding of when a citizen is required to present identification to a police officer under Texas law. (Doc. No. 36, at 2.) Both motions seek leave to amend their complaint to address these new pieces of evidence supporting Plaintiffs' claims. However, none of this new information in any way suggests that *Heck* would not still be applicable to Plaintiffs' claims. As such, any amended complaint would be futile. Accordingly, Plaintiffs' motions (Doc. Nos. 35, 36) should be **DENIED**.

## CONCLUSION

For these reasons, the court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff Phillips's claims (Doc. No. 31) be **GRANTED** and that Plaintiff Phillips's claims be **DISMISSED** with prejudice to their being re-asserted until the *Heck* conditions are met. The court **RECOMMENDS** that Defendants' motion to stay Plaintiff Voss's claims (Doc. No. 31) be **GRANTED** and that this case be **ADMINISTRATIVELY CLOSED** pending resolution of Plaintiff Voss's state criminal case. The court further **RECOMMENDS** that the remaining bases for Defendant's motion to dismiss (Doc. No. 31) be **DENIED** without prejudice to their being re-asserted upon the conditions of *Heck* being met as to Plaintiff Phillips, or the pending criminal charges being resolved favorably as to Plaintiff Voss. The court further **RECOMMENDS** that Plaintiffs' motions for leave to amend (Doc. Nos. 35, 36) be **DENIED**.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 14th day of May, 2024.**

*[Signature: John D. Love]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE