UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00095

**Derek Lee Phillips et al.,**
*Plaintiffs,*

v.

**County of Smith et al.,**
*Defendants.*

# ORDER

Plaintiffs Derek Phillips and Cody Voss, proceeding pro se, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983, alleging that Smith County law enforcement used excessive force to unlawfully arrest plaintiffs. Doc. 1. The case was referred to United States Magistrate Judge John D. Love. Thereafter, defendants filed a motion to dismiss (Doc. 31) arguing that plaintiff Phillips's claims are barred by the favorable termination requirement in *Heck v. Humphrey*, 512 U.S. 477 (1994), and that plaintiff Voss's claims are subject to a stay pursuant to *Heck*. In the alternative, defendants asserted that plaintiffs' complaint fails to state a claim for relief. *Id.* Plaintiff Phillips filed a response arguing that his case should be stayed rather than dismissed. Doc. 34. Plaintiff Voss did not file a response. On May 1, 2024, both plaintiffs filed dual motions for leave to amend their complaint. Doc. 35, 36.

On May 14, 2024, Judge Love issued a supplemental report and recommendation recommending that defendants' motion to dismiss be granted-in-part and denied-in-part. Doc. 39. Judge Love determined that Phillips's unlawful arrest and excessive force claims are barred pursuant to *Heck* and recommended that those claims be dismissed with prejudice until the conditions of *Heck* are met. *Id.* at 5–6. Judge Love determined that Voss's unlawful arrest and excessive force claims are subject to a stay pursuant to *Heck* and recommended that Voss's civil case be administratively closed pending the resolution of his state criminal case. *Id.* at 7–8. Judge Love recommended

denying the remaining bases of defendants' motion to dismiss without prejudice to their being reasserted when either plaintiff satisfies the conditions of *Heck*. *Id*. at 7. Further, Judge Love recommended denying plaintiffs' motions to amend their complaint. *Id*.

On May 23, 2024, plaintiff Voss filed a motion to lift administrative closure (Doc. 40) which the court construes as his objections to Judge Love's report and recommendation.

Also on May 23, 2024, attorney Paul Vincent Anderson made an appearance on behalf of plaintiff Phillips. (Plaintiff Voss remains pro se). On June 3, 2024, after the deadline to file objections had passed, plaintiff Phillips filed a motion for leave to file objections to Judge Love's report (Doc. 42) which the court treats as Phillips's objections to the report.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). The court reviews all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

1. **Plaintiff Voss's Claims**

In *Heck*, the Supreme Court held that when a plaintiff seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid, he must first prove that the conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 487. When criminal charges are pending, a § 1983 case arising from the same facts must be stayed until the criminal case is resolved. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).

Here, Voss was charged with two offenses under Texas law: (1) driving with a defective taillight in violation of Texas Transportation Code § 547.322, and (2) failure to identify himself to a peace officer in violation of Texas Penal Code § 38.02. Doc. 31-2. In his objections

to Judge Love's report, Voss argues that his excessive force and unlawful arrest claims are not subject to *Heck* because (1) he pled no contest to driving with a defective taillight and (2) his failure-to-identify charge was dismissed. Doc. 40 at 2.

First, a plea of *nolo contendere* has the same legal effect as a guilty plea under Texas law. *See* Tex. Code Crim. Proc. art. 27.02(5). Second, courts in the Fifth Circuit regularly apply *Heck* to convictions based on a *nolo contendere* plea. *See Kastner v. Texas*, 332 F. App'x 980, 981 (5th Cir. 2009). To the extent that Voss argues that his claims are not barred because he received deferred adjudication, "a deferred adjudication order is a conviction for the purposes of *Heck's* favorable termination rule." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007).

Alternatively, Voss claims that Federal Rule of Evidence 410 prohibits evidence of a plea of *nolo contendere* in a subsequent civil proceeding. Doc. 40 at 2. But that rule does not prohibit a court from considering a conviction resulting from a *nolo* plea in a *Heck* analysis. *Mayberry v. Hamblen*, No. CIV.A. SA02CA0521FBN, 2006 WL 503511, at *11 (W.D. Tex. Feb. 21, 2006). Plaintiff Voss's objections regarding his defective taillight charge are overruled.

Next, plaintiff Voss argues that his charge for failure to identify himself to a peace officer is no longer subject to *Heck* because that charge was dismissed. Doc. 40 at 2. However, Voss was also charged with driving with a defective taillight, which may have been an alternate basis for his arrest. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (the Fourth Amendment does not prohibit an officer from arresting a suspect for minor criminal offenses committed in his presence).

If any basis for the arrest has resulted in a conviction, any unlawful arrest claim predicated on that arrest is barred by *Heck*. Voss has not demonstrated that the defective taillight charge is not subject to *Heck*. Thus, Plaintiff Voss's objection regarding his failure-to-identify charge is overruled. Further, given that his defective taillight charge has now resulted in a conviction for purposes of *Heck*, his unlawful arrest claim should be dismissed rather than stayed.

As noted above, Voss brought claims both for excessive force and unlawful arrest. Given their relatedness, Judge Love originally recommended staying both claims until the conditions of *Heck* are met for the unlawful arrest claim. Doc. 39 at 7. Now that the unlawful arrest claim is fully dismissed, there is no reason why Voss's excessive force claim cannot proceed. Defendants have not articulated a reason why a favorable result in Voss's excessive force claim would call into question the validity of his conviction for driving without a taillight. Plaintiff Voss's excessive force claim will be allowed to proceed, and Voss's case will not be administratively closed.

2. **Plaintiff Phillips's Objections**

Phillips was convicted of interference with public duties and resisting arrest but was acquitted on the evading arrest charge. Doc. 42. Phillips contends that because he was acquitted on the evading arrest charge, *Heck* "may not now apply to one or more" of his criminal charges. *Id.* at 2. However, Phillips does not explain why *Heck* is no longer applicable. A successful excessive force claim would call into question the validity of the resisting arrest charge, and a successful unlawful arrest claim would call into question the validity of the interference charge. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). Phillip's objections to the report and recommendation are overruled.

Having considered the parties' arguments, the report and recommendation of the magistrate judge (Doc. 39) is accepted with the following alterations. Defendants' motion to dismiss (Doc. 31) is granted-in-part and denied-in-part. Plaintiff Phillips's claims and plaintiff Voss's unlawful arrest claim are dismissed with prejudice to their being reasserted until the conditions of *Heck* are met. Plaintiff Voss's excessive force claim is no longer subject to *Heck* and shall proceed. The clerk of court is directed to sever Voss's excessive force claim from this case. All motions concerning the excessive force claim shall be filed in the new case.

Further, given that the report recommended dismissing and/or staying all claims, Judge Love did not reach the merits of defendants'

motion to dismiss the claims against defendants Aaron Blair and Smith County for failure to state a claim. Doc. 31 at 9–10. To the extent that plaintiff Voss has asserted claims against defendants Blair and Smith County related to the excessive force claim, defendants may refile their motion to dismiss in the new case within 14 days of the filing of this order.

Last, plaintiffs' motions to amend their complaint (Docs. 35, 36) are denied for the reasons stated in the magistrate judge's report. Doc. 39. All other motions are denied as moot.

*So ordered by the court on July 31, 2024.*

J. CAMPBELL BARKER
United States District Judge